■ In the Matter of MAJID ZARINFAR, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [39 NYS3d 788]—

Judgment (denominated an order), Supreme Court, New York County (Lucy Billings, J.), entered July 20, 2015, which, to the extent appealed from, denied the petition and dismissed the proceeding brought pursuant to CPLR article 78, seeking to annul respondents' termination of petitioner's probationary employment, effective August 30, 2010, and seeking a declaration that petitioner obtained a tenured teaching position in the Department of Education by estoppel, unanimously modified, on the law, solely to declare that petitioner did not obtain tenure by estoppel, and as so modified, affirmed, without costs.

Petitioner seeks credit against the three-year probationary service requirement and tenure by estoppel based on his service in the same subject area at a different school under a different license (Education Law § 2573 [1] [a]). However, the court correctly found that such credit was not available to him because his initial probationary service was not found "satisfactory," and his employment under that license was terminated (*see Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554, 558 [1st Dept 2008]). Moreover, as the court found, a new probationary period commenced under petitioner's mathematics license after his service was terminated under his technology license.

Hence, because petitioner never received tenure, he was subject to termination at any time for any reason without a hearing (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451 [1993]). Concur— Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.